UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOMMY LEE KING,                )
                               )
         Petitioner,           )
                               )
    v.                         )    CAUSE NO. 3:14-CV-097 RM
                               )
SUPERINTENDENT                 )
                               )
         Respondent.           )

OPINION AND ORDER

Tommy Lee King, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding (MCF 13-08-092) held at the Miami Correctional Facility on August 16, 2013. The disciplinary hearing body found him guilty of assault and battery in violation of B-212 and demoted him from Credit Class 1 to Credit Class 2. Mr. King argues that there is no evidence of a victim and no evidence that anyone saw him hit anyone. He acknowledges that he had a black eye.

In deciding whether there was adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report stated:

> On August 6, 2013, at approximately 1955 I (Sgt Fisher) was called to come to AHU 3/4 side on arrival I witnessed Ofd King, Tommy 166648 coming out of cell 421/422 with Ofc. Nix. As they were approaching the

> podium I noticed Ofd King had redness blow his left eye. At this time I escorted him to OSB1 to get checked out. Once inside the front door Ord King stated to Ofc. Larimore and myself that he got into a fight with his buddy but everything is just fine [now]. In offenders Kings property was a white Hanes t-shirt with blood spots on it.

DE 1-1 at 1.

During the hearing, Mr. King said that he got a black eye when he fell from his bunk, but the disciplinary body chose to believe Officer Fisher's statement in the conduct report.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* at 457 (quotations marks and citation omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Officer Fisher's statement in the conduct report is sufficient evidence to support the finding of guilt. For the foregoing reasons, the court DENIES the habeas corpus petition pursuant to 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: December  1 , 2014

                                                 /s/ Robert L. Miller, Jr.
                                                 Judge
                                                 United State District Court